UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM J. CHAVANU,

    Plaintiff,                                     CASE NO. 3:11-cv-388-J-TEM

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.[1]
_____

## O R D E R

This case is before the Court on Plaintiff's Motion to Substitute Party (Doc. #27, "Motion"), filed October 11, 2013. For the reasons stated herein, this Court finds Plaintiff's Motion is due to be granted.

Mr. William J. Chavanu retained Erik W. Berger, Esquire in April 2011 to represent him in an appeal of an unfavorable decision from the Social Security Administration (Doc. #28 at 1). This Court remanded Plaintiff's claim for benefits for additional administrative proceedings on September 21, 2012. *Id.* at 2. Following the remand by this Court, Mr. Chavanu passed away on July 29, 2013, and his wife, Kimberly Chavanu, was substituted as a party before the Social Security Administration (Doc. #28 at 2). Mrs. Chavanu signed a new fee agreement with Plaintiff's counsel, effectively becoming counsel's new client. *Id.* at 2. The Social Security Administration subsequently found that Mr. Chavanu was disabled

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

as of September 2009, and determined that Mrs. Chavanu was entitled to receive Mr. Chavanu's past due benefits as a substituted party. *Id.* at 2. Plaintiff's counsel now requests this Court substitute Mrs. Chavanu as Plaintiff in the above-styled action.

Rule 25(a), Federal Rules of Civil Procedure, states "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Any party or a decedent's successor or representative may move for substitution, but the motion must be made within 90 days after service of a statement noting death, or the action by or against the decedent must be dismissed. Fed. R. Civ. P. 25(a)(1). Despite the mandatory language in Rule 25(a), the Court has discretion to interpret the rule liberally so as to "ensure that all those having a legal interest in the pending suit are aware of the party's death and are alerted to act to preserve their respective rights." *Schmidt v. Merrill Lynch Trust Co.,* 2008 WL 2694891, *2 (M.D. Fla. June 30, 2008). Rule 25(a) "is not meant to be used as a procedural mechanism to 'bar . . . otherwise meritorious actions.'" *Id.* (citing *Staggers v. Otto Gerdau Co.,* 359 F.2d 262, 296 (2d. Cir. 1966).

Here, Mr. Chavanu passed away on July 29, 2013 (Doc. #28 at 2). Regardless of when service of statement noting death was served on the parties and interested non-parties, Plaintiff's Motion was filed in this Court within 90 days of Mr. Chavanu's death (Doc. #27). Further, the Social Security Administration has already substituted Mrs. Chavanu as Plaintiff in Mr. Chavanu's cause of action (Doc. #28, Ex. 2), and Mrs. Chavanu has already signed a new contingency fee agreement with Plaintiff's counsel (Doc. #28, Ex. 3). This Court therefore finds that all parties in the pending suit are aware of Mr. Chavanu's death and are alerted to act to preserve their respective rights.

Accordingly, upon due consideration it is hereby

**ORDERED:**

Plaintiff's Motion to Substitute Party (Doc. #27) is **GRANTED.** Mrs. Kimberly Chavanu is hereby substituted as Plaintiff in the above-styled matter.

**DONE AND ORDERED** at Jacksonville, Florida this <u>16th</u> day of October, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any