**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KIMBERLY CHAVANU
O/B/O WILLIAM J. CHAVANU,

    Plaintiff,

vs.                                                CASE NO. 3:11-cv-388-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.[1]

## O R D E R

This case is before the Court on Plaintiff's Motion for an Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #28), filed October 11, 2013. The Commissioner filed a response (Doc. #32) on October 23, 2013, indicating the Commissioner has no objection to the amount of fees requested by Plaintiff's attorney.

Plaintiff's attorney obtained a favorable result for his client, William Chavanu, in this Social Security appeal (*see* Doc. #28 at 2). William Chavanu passed away on July 29, 2013, and his wife, Kimberly Chavanu, was substituted as Plaintiff in this action on October 16, 2013 (Doc. #31). In a notice dated September 24, 2013, the Social Security Administration indicated that it was withholding in escrow twenty-five

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

percent (25%) of Plaintiff's past due benefits, totaling $13,311.75, for possible payment of attorney's fees (see Doc. #28, Ex. 2). Pursuant to the contingency fee agreement entered into by Plaintiff and her attorney, Plaintiff's counsel now requests an award of attorney's fees of $7,311.75, representing twenty-five percent (25%) of Plaintiff's past due benefits, less a $6,000 payment to Plaintiff's attorney at the administrative level.

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002) (citations omitted). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in Social Security cases. *Id.* at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee. *Id.* at 808. Other key considerations include the character of the representation and the results the representation achieved. *Id.* For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee. *Id.*

Here, William Chavanu retained counsel in April 2011 to represent him in an appeal of an unfavorable decision from the Social Security Administration (*see* Doc. #28 at 1). On April 21, 2011, Plaintiff's counsel filed a complaint in this Court (Doc. #1). The Court remanded William Chavanu's case to the Social Security Administration on September 21, 2012, and awarded EAJA fees on November 15, 2012 in the amount of $3,087.50 for nineteen (19) hours of work (Doc. #25).[2] On remand, the Social Security Administration found William Chavanu was disabled as on September 2009 and determined that Plaintiff was entitled to receive past due benefits as a substituted party with the benefits payable as of March 2010. William Chavanu and counsel had a written contingency fee agreement which provided for a 25% contingent fee of past due benefits, should Mr. Chavanu receive a favorable decision after proceedings beyond the initial hearing level (Doc. #28, Ex. 1). Subsequent to Mr. Chavanu's death, Plaintiff and counsel also entered into a contingency fee agreement with similar terms (Doc. #28, Ex. 3).

The Court has reviewed the contingency fee agreements and has considered the character of the representation and the results Plaintiff's counsel achieved and finds that the 25% contingency fee is reasonable in this case.

Accordingly, upon due consideration, it is hereby **ORDERED:**

1. Plaintiff's Motion for an Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #28) is **GRANTED.** The Court finds that a reasonable fee for Plaintiff's counsel, Erik W. Berger, for representation of Plaintiff in this case

---

[2] In recognition of the prohibition against "double-dipping," counsel will reimburse Plaintiff the previously awarded EAJA fees in the total amount of $3,087.50 (*see* Doc. #28 at 4).

is $7,311.75. The Commissioner shall now pay Erik W. Berger the sum of $7,311.75 from the past due benefits being held in escrow in this case.

2. The Clerk shall enter Judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of October, 2013.

_____
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any